New Savoy Park Portfolio LLC v Santiago (2025 NY Slip Op 50201(U))

[*1]

New Savoy Park Portfolio LLC v Santiago

2025 NY Slip Op 50201(U)

Decided on February 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 18, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570790/24

New Savoy Park Portfolio LLC, Petitioner-Landlord-Respondent, 
against
Phillip Santiago, Respondent-Tenant, and "J. Doe," Respondent-Appellant.

Respondent Cooleridge Bell Bey, sued herein as "J. Doe," appeals from an order of the Civil Court of the City of New York, New York County (Tracy Ferdinand, J.), dated June 12, 2024, which denied his post-eviction motion to vacate a default final judgment and restore him to possession in holdover summary proceeding.

Per Curiam.
Order (Tracy Ferdinand, J.), dated June 12, 2024, affirmed, without costs.
We find no abuse of discretion in the denial of respondent Cooleridge Bell Bey's application to vacate the default final judgment and warrant of eviction entered against him in this licensee holdover proceeding, and to restore him to possession. Respondent offered no convincing excuse for his repeated defaults in appearance over the course of four years despite multiple notices sent by petitioner and the court. Nor did respondent set forth a meritorious defense to the proceeding by, among other things, demonstrating any right to continued occupancy following the April 2019 death of the tenant of record (see e.g., Starrett City, Inc. v Smith, 25 Misc 3d 42, 44 [App Term, 2d Dept, 2009]). On this record, good cause for vacating the warrant of eviction is absent (see RPAPL § 749 [3]; see also City of New York v 130/40 Essex St. Dev. Corp., 302 AD2d 292 [2003]; New York Hous. Auth. v Torres, 61 AD2d 681 [1978]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 18, 2025